IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 29, 2014 Session[1]

**CALVIN EUGENE BRYANT v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2008B1478     Steve R. Dozier, Judge**

**No. M2012-01560-SC-R11-PC  - Filed March 13, 2015**

In this post-conviction appeal, we address two issues: 1) whether trial counsel provided ineffective representation by failing to request a jury instruction on facilitation as a lesser-included offense; and 2) whether a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant convicted of a greater offense.  The defendant was charged with selling illegal drugs to a police informant.  The defendant's trial counsel argued that he was entrapped by the informant. A jury instruction on facilitation as a lesser-included offense was neither requested by the defendant's trial counsel nor given by the trial court.  The defendant was convicted of selling illegal drugs.  The Court of Criminal Appeals affirmed his convictions.  The defendant filed a petition for post-conviction relief, alleging that his trial counsel provided ineffective representation by not requesting a jury instruction on facilitation of the sale of a controlled substance.  The post-conviction court denied relief.  The Court of Criminal Appeals affirmed, holding that 1) trial counsel was not deficient in failing to request a jury instruction on facilitation; and 2) when convicted of a greater charge, a defendant can never show that the absence of a jury instruction on a lesser-included offense was prejudicial to the defendant.  We hold that the evidence in this case failed to warrant a jury instruction on facilitation.  Accordingly, trial counsel's failure to request a facilitation instruction was not deficient performance.  Further, we hold that under certain facts and circumstances, a trial counsel's failure to request a jury instruction on a lesser-included offense can be prejudicial to a defendant and entitle him or her to post-conviction relief based on ineffective assistance of counsel.  Our decision in *State v. Davis*, 266 S.W.3d 896, 910 (Tenn. 2008), approving sequential jury instructions, does

[1] We heard oral argument on this case on May 29, 2014, at the American Legion Auxiliary Volunteer Girls State held at Lipscomb University in Nashville, Tennessee, as a part of the Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

not obviate an attorney's responsibility to request lesser-included offense instructions when warranted by the proof.  We affirm the judgment of the Court of Criminal Appeals, as modified.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed as Modified**

SHARON G. LEE, C.J., delivered the opinion of the Court, in which WILLIAM C. KOCH, JR., J., joined.  CORNELIA A. CLARK, J., filed a separate opinion, concurring as to sections I., II., and III. and dissenting as to section IV.  GARY R. WADE, J., filed a separate opinion, concurring in part and dissenting in part as to sections I., II., and IV. and dissenting as to section III., in which JANICE M. HOLDER, J., joined.

James O. Martin, III., Nashville, Tennessee, for the appellant, Calvin Eugene Bryant, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Benjamin Ball, Leslie E. Price, Jeffrey D. Zentner, Assistant Attorneys General; Victor S. "Torry" Johnson, III, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.**

In March and April of 2008, Calvin Eugene Bryant, Jr. ("Defendant") sold a Schedule I controlled substance, methylenedioxymethamphetamine (commonly known as "Ecstasy"), to his friend, Terrance Knowles.  At the time of the transactions, Defendant was unaware that his friend was working as an informant for the Metropolitan Nashville Police Department.  Police monitored and recorded the transactions.  Defendant was arrested and charged with five counts for the sale and delivery of a Schedule I controlled substance within 1,000 feet of a school.[2]

---

[2] Tennessee Code Annotated section 39-17-417 (2008) provides in pertinent part:

> (a) It is an offense for a defendant to knowingly . . .
> (2) Deliver a controlled substance;
> (3) Sell a controlled substance[.]

> (b) A violation of subsection (a) . . . is a Class B felony and, in addition, may be fined not more than one hundred thousand dollars ($100,000).

(continued . . .)

The evidence at trial consisted primarily of testimony from Mr. Knowles and Detective William Loucks of the Specialized Investigations Division of the Metropolitan Nashville Police Department. Detective Loucks testified that he knew Mr. Knowles because he had previously arrested him for a driving violation. After that arrest, Mr. Knowles agreed to act as an informant in a drug investigation that, at least in part, targeted Defendant in a plan to "take out several well-known drug sellers within the area."

Mr. Knowles testified that on March 3, 2008, he telephoned Defendant and asked to buy twenty Ecstasy pills. Defendant quoted Mr. Knowles a price of $140 and said to call back the next morning. On the morning of March 4, 2008, Detective Loucks met with Mr. Knowles, wired him with an audio-recording device, and gave him $140. Detective Loucks and other detectives followed Mr. Knowles to Defendant's house in the Edgehill community of Nashville. They videotaped him entering the house and monitored the sale via the wire Mr. Knowles was wearing. During the sale, Defendant asked how many pills Mr. Knowles wanted, retrieved a bag of pills from a bedroom closet, and gave Mr. Knowles twenty pills. Mr. Knowles paid Defendant $140 and asked him the price for one hundred pills. Defendant told Mr. Knowles it would be $650. Mr. Knowles then left and met with Detective Loucks, who took the pills and sent them for testing. Tests confirmed that the pills were a mixture of Schedule I and Schedule II controlled substances.

On March 21, 2008, Mr. Knowles called Defendant and told him he needed one hundred pills. The men agreed on a time that same day for Mr. Knowles to come by Defendant's house. Before the transaction, Mr. Knowles once again met with Detective Loucks, who wired him for audio surveillance and gave him cash for the pills. Detectives maintained both audio and video surveillance of the transaction. After Mr. Knowles and Defendant reached the agreed-upon location near Defendant's house, they waited twenty-five to thirty minutes until a white Ford Expedition arrived. Mr. Knowles then paid Defendant. Defendant walked to the passenger side of the vehicle and returned with one hundred pills, which he handed to Mr. Knowles.[3] Mr. Knowles left and gave the pills

---

(continued . . .)

Tennessee Code Annotated section 39-17-432 (2008) provides in pertinent part:

> (b)(1) A violation of § 39-17-417 . . . that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school, secondary school . . . or public library, recreational center or park shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.

[3] Audio surveillance transcripts indicate that Mr. Knowles gave $660 to Defendant for the pills and that Defendant gave him $10 change, since the pills cost $650.

to Detective Loucks. Testing confirmed that some of the pills again contained a mixture of Schedule I and Schedule II controlled substances.

On April 23, 2008, Mr. Knowles called Defendant and told him he wanted two hundred pills. Defendant said he would "work on it" and that the price would be $1,200. Mr. Knowles called Defendant later in the day, and Defendant told him that "the dude [with the drugs] was on his way." Detective Loucks wired Mr. Knowles with audio surveillance equipment and gave him $1,200 to pay for the drugs. Mr. Knowles met Defendant by a basketball court near Defendant's house. Detective Loucks could hear and see the transaction as it occurred. After about an hour, a Jeep Cherokee arrived. Mr. Knowles counted the money and gave it to Defendant, who took the money to the vehicle and returned with two bags of pills. Defendant gave the bags of pills to Mr. Knowles, who then left and delivered the pills to Detective Loucks. Testing revealed that some pills contained a mixture of Schedule I and Schedule II controlled substances. All of these transactions occurred within 1,000 feet of a school. Detective Loucks testified that when he arrested Defendant, Defendant admitted to selling between thirty and forty pills in the preceding six days, but was not willing to reveal his source for the pills.

Joy Kimbrough, Don Himmelberg, and John Higgins (collectively "trial counsel") represented Defendant at trial. Trial counsel argued that Mr. Knowles entrapped Defendant, a well-regarded member of the community.[4] Trial counsel made an alternative argument that, should the jury not find entrapment, it should nonetheless find that the facts supported only simple possession and casual exchange, both Class A misdemeanor offenses. Defendant presented character testimony from high school teachers who described him as loving, generous, intelligent, and athletic. The witnesses characterized him as a model citizen, a leader, and the type of person who would do anything for a friend. Their testimony indicated that it was out of character for Defendant to sell drugs.

Defendant testified that he grew up with Mr. Knowles, who was seven or eight years older. Defendant stated that, although he had not previously sold drugs to anyone, Mr. Knowles approached him about two weeks before their first transaction, on March 4, and asked whether Defendant knew anyone who had Ecstasy pills because he had an interested buyer. Defendant told Mr. Knowles he did not know of a drug source and did not want to get involved with any transaction. Mr. Knowles was persistent, however, and

---

[4] Tennessee Code Annotated, section 39-11-505 (2014) provides in pertinent part:

> It is a defense to prosecution that law enforcement officials, acting either directly or through an agent, induced or persuaded an otherwise unwilling person to commit an unlawful act when the person was not predisposed to do so.

called Defendant on a day-to-day basis, telling him he needed to make a drug deal to feed his family. At trial, Defendant admitted that he gave in and helped Mr. Knowles. Defendant did not testify that he was merely a middle-man for someone else, but instead testified to performing all of the activities of a drug dealer.

On cross-examination, Defendant admitted that he never told police he was just doing a favor for a friend. Defendant explained that during the first transaction, when Mr. Knowles asked the price for one hundred pills, he quickly responded with a price of $650 because the price for Ecstasy was common knowledge in his neighborhood. Defendant conceded that, during the second transaction, he had commented on the different names for the variously colored Ecstasy pills and warned Mr. Knowles to be careful of the "brown bulls" because "people could pass out on them[.]" However, Defendant explained that he was simply passing on the information his supplier had given him.

At the conclusion of the proof, the trial court and counsel discussed the jury charge. During this discussion, the State inquired whether the trial court intended to instruct the jury on facilitation as a lesser-included offense, indicating that it was opposed to a facilitation instruction. The trial court responded, "No, I didn't have it in there." Trial counsel neither responded to this exchange nor requested a facilitation instruction. During closing arguments, trial counsel argued that Defendant lacked any prior disposition to sell drugs and that Mr. Knowles improperly entrapped Defendant into making the sales. Trial counsel argued in the alternative that, even if the jury did not believe Defendant was entrapped, he was guilty, at most, of only simple possession or casual exchange.[5]

At the conclusion of closing arguments, the trial court instructed the jury on the charged offenses and on the lesser-included offenses of sale of a Schedule I drug and simple possession (not within 1,000 feet of a school) or casual exchange of a Schedule I drug. The trial court further instructed the jury that if it found Defendant guilty of a charged offense, it should stop its deliberations and not consider any of the corresponding lesser-included offenses. The jury was instructed only to consider the lesser-included

---

[5] The sale of a Schedule I drug is a Class B felony, Tenn. Code Ann. § 39-17-417(b), and the sale of a Schedule I drug in a school zone is a Class A felony, Tenn. Code Ann. § 39-17-432(b)(1). The facilitation of the sale of Schedule I drugs in a school zone is a Class B felony. Tenn. Code Ann. § 39-11-403(b) (2008). The penalty for a Class B felony is eight to thirty years. Tenn. Code Ann. § 40-35-111(b)(2) (2008). A defendant convicted of a Class B felony occurring in a school zone is subject to a fine of up to $60,000. Tenn. Code Ann. § 39-17-432(b)(2)(D). However, simple possession and casual exchange are Class A misdemeanors, Tenn. Code Ann. § 39-17-418(c)(1) (2014), with a penalty of eleven months, twenty-nine days, or a fine not to exceed $2,500, or both. Tenn. Code Ann. § 40-35-111(e)(1).

offenses if it found Defendant not guilty of the charged offense or had a reasonable doubt as to Defendant's guilt.

The jury acquitted Defendant of the March 4, 2008 offense, but found him guilty of the March 21, 2008 and April 23, 2008 offenses for sale and delivery of a Schedule I controlled substance within 1,000 feet of a school. The trial court later merged the delivery and sale convictions into two convictions for sale of a Schedule I controlled substance within 1,000 feet of a school.

In the motion for a new trial, trial counsel did not designate as error the trial court's failure to give a facilitation instruction. On appeal, Defendant raised as plain error the trial court's failure to instruct the jury on the lesser-included offense of facilitation. Declining to find plain error, the Court of Criminal Appeals held that it was not clear that trial counsel did not waive the facilitation instruction for tactical reasons. *State v. Bryant*, No. M2009-01718-CCA-R3-CD, 2010 WL 4324287, at *20 (Tenn. Crim. App. Nov. 1, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011).

Defendant subsequently sought post-conviction relief, asserting that trial counsel was ineffective by failing to request an instruction on facilitation as a lesser-included offense. This failure, Defendant alleged, was due to oversight, not any formulated trial strategy. At the post-conviction hearing, Ms. Kimbrough testified that she did not recall the discussion at trial about the facilitation instruction and did not know why she failed to request it. At the time of the trial, she had been primarily practicing criminal law for approximately three years. She speculated that she was too inexperienced and unfamiliar with the law governing facilitation to request the instruction. She denied that she had decided not to request facilitation as part of any deliberate trial strategy and did not recall if she had researched facilitation to prepare for trial.

The post-conviction court denied Defendant relief, finding that he failed to prove by clear and convincing evidence that trial counsel's performance was deficient or that Defendant was prejudiced by any deficiency. The Court of Criminal Appeals affirmed, holding that trial counsel's failure to request an instruction on facilitation was a strategic decision; the theory of facilitation was inconsistent with the defense theory of entrapment; and the evidence at trial did not support a facilitation instruction. *Bryant v. State*, No. M2012-01560-CCA-R3-PC, 2013 WL 4401166, at *20-21 (Tenn. Crim. App. Aug. 16, 2013). The intermediate appellate court further noted that a defendant's conviction of the greater charge is "irrefutable proof that a trial court's failure to instruct on a lesser-included offense was harmless error." *Id.* at *22. The Court of Criminal Appeals determined that a trial court's failure to charge a lesser-included offense could never constitute reversible error if the defendant has been found guilty of a greater offense. *Id.* The intermediate appellate court also stated that, by the same logic, a post-conviction petitioner could never establish prejudice from trial counsel's failure to request a lesser-included offense when the petitioner had been convicted of a greater

- 6 -

offense. *Id.* We granted Defendant's application for permission to appeal to consider 1) whether trial counsel provided ineffective representation by failing to request a jury instruction on facilitation as a lesser-included offense; and 2) whether a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant convicted of a greater offense.

## II.

### A.

The Post-Conviction Procedure Act, Tennessee Code Annotated sections 40-30-101 to -122, provides that relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). A defendant seeking post-conviction relief must prove by clear and convincing evidence the deprivation of a constitutional right. *Id.*; *see also Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011) (citing *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)). A claim of ineffective assistance of counsel is a mixed question of law and fact. *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013) (citing *Calvert*, 342 S.W.3d at 485). The factual findings of a post-conviction court are conclusive on appeal unless the record preponderates against them. Tenn. R. App. P. 13(d); *Mobley*, 397 S.W.3d at 80 (citing *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006)). However, appellate review of a post-conviction court's conclusions of law is *de novo* with no presumption of correctness. *Mobley*, 397 S.W.3d at 80; *Smith v. State*, 357 S.W.3d 322, 336 (Tenn. 2011); *Calvert*, 342 S.W.3d at 485.

### B.

Both the United States and Tennessee Constitutions provide for the assistance of counsel to criminal defendants. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. These constitutional provisions guarantee not only the assistance of counsel, but also the *reasonably effective* assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Baxter v. Rose*, 523 S.W.2d 930, 934-36 (Tenn. 1975). Counsel's representation is constitutionally ineffective when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. *Id.* at 687; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). A court need not address both requirements if the defendant's proof fails to support either prong. *Strickland*, 466 U.S. at 687; *Goad*, 938 S.W.2d at 370.

Establishing deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Mobley*, 397 S.W.3d at 80. "Effective" counsel means the provision of advice or services "within the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d at 936; *see also Strickland*, 466 U.S. at 687 (The "proper standard for attorney performance is that of reasonably effective assistance."). The reasonableness standard is objective, measured by the professional norms prevailing at the time of the representation. *Strickland*, 466 U.S. at 678-88; *Dean v. State*, 59 S.W.3d 663, 667 (Tenn. 2001); *see also State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

Proof of prejudice sufficient to establish constitutionally ineffective counsel is met by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Goad*, 938 S.W.2d at 370. When examining a conviction, "the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. A reasonable probability of being found guilty of a lesser charge also satisfies the prejudice prong of *Strickland*. *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008).

Appellate courts must not evaluate trial counsel's performance using "20-20 hindsight." *Mobley*, 397 S.W.3d at 80 (citing *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011)). Instead, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *accord Goad*, 938 S.W.2d at 369. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690; *see also Burns*, 6 S.W.3d at 462. The defendant must prove that trial counsel's performance was deficient. *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 687); *see also Burns*, 6 S.W.3d at 462 ("[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (citing *Strickland*, 466 U.S. at 689)). This deference extends to trial counsel's strategic decisions made after due investigation. *Strickland*, 466 U.S. at 690-91. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. Therefore, the failure of a particular strategy or tactical decision, by itself, does not establish deficiency. *Goad*, 938 S.W.2d at 370.

With these principles in mind, we have carefully reviewed the evidence in this case and hold that Defendant failed to prove by clear and convincing evidence that trial counsel was deficient for failing to request a jury instruction on facilitation as a

lesser-included offense. We further hold that the Court of Criminal Appeals erred in holding that a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant found guilty of a greater offense.

## III.

Both the United States and the Tennessee Constitutions guarantee a right to trial by jury. U.S. Const. amend. VI; Tenn. Const. art. I, § 6. This includes the "right to a complete and correct charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Dorantes*, 331 S.W.3d 370, 390 (Tenn. 2011) (citing *State v. Faulkner*, 154 S.W.3d 48, 58 (Tenn. 2005); *State v. Farner*, 66 S.W.3d 188, 204 (Tenn. 2001); *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000)). This Court has consistently held that the constitutional right to trial by jury is violated "when the jury is not permitted to consider *all* offenses *supported by the evidence*." *State v. Ely*, 48 S.W.3d 710, 727 (Tenn. 2001) (emphasis added). Moreover, this Court has stressed the dangers inherent in failing to provide a jury with the option of convicting of a lesser-included offense where the prosecution has established criminal conduct beyond a reasonable doubt: "Such a scenario forces a jury into an 'all or nothing' decision that, unfortunately, is likely to be resolved against the defendant, who is clearly guilty of 'something.'" *Burns*, 6 S.W.3d at 466.

"This does not mean, however, that an instruction must be given simply because an offense is a lesser-included offense of another." *State v. Dellinger*, 79 S.W.3d 458, 496 (Tenn. 2002) (citing *State v. Fowler*, 23 S.W.3d 285, 288 (Tenn. 2000)). A trial court must instruct a jury as to all lesser-included offenses that are requested by a party in writing, if the trial court determines that 1) the record contains any evidence that reasonable minds could accept as to the existence of the lesser-included offense; and 2) the conviction for the lesser-included offense is supported by legally sufficient evidence. Tenn. Code Ann. § 40-18-110(a) (2012); *see also Burns*, 6 S.W.3d at 469. However, when no written request is made by a party for an instruction on a lesser-included offense, as in this case, the trial court may charge the lesser-included offense, but a party is not entitled to such an instruction. *State v. Fayne*, ___S.W.3d___, 2014 WL 5430049, at *7 (Tenn. 2014) (citing Tenn. Code Ann. § 40-18-110 (2012)).

A trial court, acting upon a party's request, properly gives an instruction on lesser-included offenses when it views the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgment on the credibility of the evidence. Tenn. Code Ann. § 40-18-110(a). Inversely, when this test is not satisfied, no lesser-included offense instruction is required.

When lesser-included offenses are included in the charge, a judge must instruct the jury on how and in what order it should consider the offenses. *See Davis*, 266 S.W.3d at 905; *Harris v. State*, 947 S.W.2d 156, 175 (Tenn. Crim. App. 1996) (stating this Court

"has repeatedy upheld the giving of so-called 'acquittal first' instructions"). In Tennessee, "a jury [must] first reach a unanimous verdict of acquittal with respect to a greater offense before it proceeds to consider a defendant's guilt of a lesser-included offense." *Davis*, 266 S.W.3d at 905.

When analyzing whether a lesser-included offense instruction should have been given by the trial court, a reviewing court must "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." *State v. Allen*, 69 S.W.3d 181, 191 (Tenn. 2002). Reviewing courts must be mindful that failure to instruct on a valid lesser-included offense is not excused simply because the evidence is sufficient to support a conviction for a greater offense, and "[a] defendant need not demonstrate a basis for acquittal on a greater offense to be entitled to an instruction on the lesser offense." *Id.* at 187.

At the post-conviction stage, when the proof, established by clear and convincing evidence, supports the existence of a lesser-included offense under the statutory two-part test,[6] trial counsel's failure to request an instruction on a lesser-included offense can constitute deficient performance. *See Wiley v. State*, 183 S.W.3d 317, 330-31 (Tenn. 2006) (citing *Burns*, 6 S.W.3d at 469) (finding counsel's failure to request an instruction on second-degree murder as a lesser-included offense of felony murder was deficient performance); *cf. State v. Locke*, 90 S.W.3d 663, 675 (Tenn. 2002) (applying the two-part test and finding the failure to instruct the jury on some lesser-included offenses to be error, albeit harmless error); *State v. Richmond*, 90 S.W.3d 648, 662-63 (Tenn. 2002) (same).

Facilitation is a lesser-included offense of the crimes of sale and delivery of a controlled substance. *See, e.g.*, *State v. Travis*, No. W1999-01089-CCA-R3-CO, 2000 WL 279892, at *5-6 (Tenn. Crim. App. Oct. 14, 2002) (holding that facilitation is a lesser-included offense of sale of a Schedule II controlled substance). A defendant is guilty of facilitation of a felony if "knowing that another intends to commit a specific felony . . . the person knowingly furnishes substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a) (2008).

In this case, trial counsel's failure to request the lesser-included offense instruction would not have constituted deficient performance if the evidence had not supported a facilitation charge. *See, e.g*, *Dellinger*, 79 S.W.3d at 496 (finding that a trial court had

---

[6] Under Tennessee Code Annotated section 40-18-110(a), the test for determining whether a trial court should give a lesser-included offense instruction is: 1) whether the record contains any evidence that reasonable minds could accept as to the existence of the lesser-included offense, and 2) whether the conviction for the lesser-included offense is supported by legally sufficient evidence. *See also Burns*, 6 S.W.3d at 469.

not erred when it failed to instruct the jury on facilitation as a lesser-included offense of murder when no evidence was presented at trial to support facilitation and the defense's theory of the case was that the defendants did not participate in the murder). The post-conviction court found that Defendant presented no evidence of facilitation and determined that the instruction was not warranted by the facts in evidence. We agree and hold that, given the evidence presented at trial, reasonable minds could not have accepted the existence of facilitation, and a conviction for facilitation would not have been supported by legally sufficient evidence. *See* Tenn. Code Ann. 40-18-110(a).

There is no evidence in the record from which a reasonable jury could conclude that Defendant merely facilitated the drug sales. The State's theory of the case, which was supported by the weight of the evidence, was that Defendant sold drugs to Mr. Knowles. Trial counsel's theory was that Defendant was entrapped by the State, through Mr. Knowles, into selling the drugs. The bulk of trial counsel's proof was that Defendant would not have sold Mr. Knowles the drugs had Mr. Knowles not approached him. Thus, trial counsel set up an all-or-nothing scenario in which Defendant either sold the drugs willingly or was entrapped. The uncontroverted evidence shows that Defendant set the price for the drugs, acquired the drugs, accepted payment for the drugs, and delivered the drugs to Mr. Knowles. The evidence supports the post-conviction court's finding that Defendant did not merely furnish substantial assistance in the drug sale, but instead, was the seller of the drugs.[7] Accordingly, because there was no evidentiary basis to support a facilitation conviction, trial counsel's failure to request the instruction was not deficient performance.

Defendant also argues that trial counsel's decision not to request a jury instruction on facilitation was not a strategic choice. He contends that trial counsel merely overlooked that option, thus rendering deficient performance. Defendant points to Ms. Kimbrough's testimony at the post-conviction trial, stating that she simply failed to request the facilitation instruction and that it was not a strategic decision. However, Ms.

---

[7] The dissent makes much of the fact that the jury could have construed Defendant's testimony in such a way as to support a facilitation charge, suggesting that Defendant merely served as a disinterested middle-man for the drug transactions between Mr. Knowles and a third party. However, this theory would have required the jury to ignore Defendant's testimony about the drug deals. The evidence presented at trial supports the conclusion that Defendant actively sold drugs—not that he merely facilitated the drug sales for another person. While no evidence was presented that Defendant actually benefitted from the transactions, neither did Defendant testify that he did not benefit in some fashion. Furthermore, the simple fact that an unidentified third party was involved at some level is unpersuasive. In nearly every case involving a drug sale, the seller has to obtain the illegal drugs from some source. We are not willing to hold that a jury instruction on facilitation is required in *every* case involving the sale of drugs if the seller was not also the manufacturer of the drugs. The issue is Defendant's intent, and the evidence presented at trial supports that Defendant, regardless of the involvement of a third person, actively engaged in the sale of drugs.

Kimbrough's actions at trial contradict her statements, and the post-conviction court did not make any explicit findings as to her credibility. Contrary to the dissent's characterization, the post-conviction court neither accredited nor discredited trial counsel's testimony. The trial court had an independent basis for finding no deficient performance.

During the trial, trial counsel presented only three witnesses: Defendant, his high school coach, and another teacher who had known Defendant, but had never taught him. The teachers' testimony humanized Defendant for the jury, but they could not, and were not asked to, refute the specific allegations against Defendant. Their testimony only bolstered trial counsel's argument that Defendant was an ex-football star and community leader entrapped into selling drugs by Mr. Knowles. Defendant's testimony explained his involvement with the drug sales, but he never testified he was a middle-man for the sale, only that he was entrapped.

Given these facts, we believe that trial counsel made a conscious and strategic choice as to the direction of the defense, preferring to have the jury acquit under a theory of entrapment. Trial counsel's strategy was not successful, but that fact does not render trial counsel's performance deficient. Trial counsel portrayed Defendant as an upstanding citizen, and had trial counsel argued that Defendant was merely assisting the drug supplier, the strategy and theory of the case would have been undermined. Trial counsel's argument exhibited a strategic decision to focus on either outright acquittal or conviction of misdemeanor offenses, as opposed to the serious felony charges Defendant was also facing. While a lesser-included offense instruction could have been requested by trial counsel, regardless of her strategy, the record supports the conclusion that she made a strategic choice not to make this request.[8]

Thus, we agree with the Court of Criminal Appeals' determination that a facilitation instruction would have been incompatible with trial counsel's strategy, and the failure to request such an instruction was not an oversight. At the post-conviction hearing, trial counsel exercised the type of "20-20 hindsight" that appellate courts must avoid when evaluating trial counsel's performance. *See Mobley*, 397 S.W.3d at 80 (citing *Felts*, 354 S.W.3d at 277). That trial counsel now, with the benefit of time and reflection, believes that requesting a facilitation instruction would have been advantageous is not persuasive. Accordingly, Defendant has failed to prove by clear and convincing evidence

---

[8] During closing argument, trial counsel compared Defendant to someone receiving a UPS shipment on someone else's behalf and characterized Defendant as the "middle-man." Putting aside the incomplete nature of this last-minute argument, we note that a closing argument is not evidence and must be "based upon the evidence introduced at trial[.]" *State v. Goltz*, 111 S.W.3d 1, 5 (Tenn. Crim. App. 2003). Thus, a jury could not have properly considered this argument as evidence to support facilitation, even had the instruction been requested.

that trial counsel's failure to request the lesser-included offense instruction of facilitation was deficient performance.

## IV.

Because the Court of Criminal Appeals concluded that trial counsel's performance was not deficient, the court did not need to consider whether trial counsel's performance was prejudicial to Defendant. However, the Court of Criminal Appeals proceeded with a prejudice analysis and determined that, when a defendant is convicted of a greater offense, the failure to give a jury charge on a lesser-included offense could never be reversible error and that trial counsel's failure to request a lesser-included offense was, therefore, not prejudicial. The Court of Criminal Appeals reasoned that our holding in *Davis*, 266 S.W.3d at 898, precludes a jury's consideration of any lesser-included offense when the jury has convicted a defendant of a greater charge. *Bryant*, 2013 WL 4401166, at *22.

Under *Davis*, the trial court instructs the jury to consider the greatest charged offense before considering any lesser-included offenses. 266 S.W.3d at 898. This approach serves important policy interests such as satisfying the requirement that the jury render its verdicts unanimously; facilitating a trial court's duty to "structure the jurors' deliberations" so they may address charged and lesser-included offenses, *id* .at 907; encouraging thorough jury deliberation; and reducing the "risk of a compromise verdict," *id.*

Since *Davis*, this Court has reaffirmed the importance of including lesser-included offenses in jury instructions when warranted by the evidence. *See State v. Brown*, 311 S.W.3d 422, 430-34 (Tenn. 2010) (holding that the trial court erred in failing to charge the lesser-included offenses of second degree murder, reckless homicide, and criminally negligent homicide, although the jury convicted the defendant of felony murder in the perpetration of aggravated child abuse). Thus, lesser-included offenses are necessary to a complete jury charge.

There appears to be disagreement among some members of the Court of Criminal Appeals on the effect of a trial judge's failure to give lesser-included offense instructions or a trial counsel's failure to request such an instruction when a defendant has been convicted of a greater offense.[9] Two panels of the Court of Criminal Appeals have followed the "strict" approach, holding that a defendant can never show prejudice stemming from the failure to charge a lesser-included offense when the defendant has been found guilty of a greater offense. *See Bryant*, 2013 WL 4401166, at *22; *Payne v.*

---

[9] We granted Defendant's Rule 11 application for permission to appeal to secure uniformity of decision. Tenn. R. App. P. 11; *see also Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997).

*State*, No. W2011-01080-CCA-R3-PC, 2013 WL 501781, at \*4 (Tenn. Crim. App. Feb. 8, 2013) (citing *Davis*, 266 S.W.3d at 910 (holding that the defendant had not shown prejudice stemming from trial counsel's failure to request a jury instruction on theft as a lesser-included offense of aggravated robbery when the defendant was found guilty of robbery)). Another panel, in *State v. Shelbourne*, held that a reviewing court should look to the facts and circumstances of each case to determine whether the failure to charge a lesser-included offense could constitute reversible error. No. W2011-02372-CCA-R3-CD, 2012 WL 6726520, at \*5 (Tenn. Crim. App. Dec. 26, 2012). The concurring opinion in *Shelbourne*, however, advocated the "strict" approach. *Id.* at \*11-12 (Woodall, J., concurring).

We reject the "strict" approach, as it misconstrues our holding in *Davis*. A jury, having heard the complete jury instructions, inevitably considers, "albeit not explicitly, all applicable lesser-included offenses supported by the proof." *Davis*, 266 S.W.3d at 904. Sequential jury instructions do not obviate the need for jury instructions on lesser-included offenses. To hold otherwise would undermine the constitutional mandate for a "correct and complete charge of the law[,] [which] includes the right to jury instructions on each and every lesser-included offense embraced within the charged offense(s) and supported by the proof." *Davis*, 266 S.W.3d at 902; *Ely*, 48 S.W.3d at 727. At the post-conviction phase, when the proof supports a finding of a lesser-included offense and a reasonable probability exists that a reasonable juror could have convicted the defendant of the lesser-included offense had it received such an instruction, then trial counsel's failure to request such a lesser-included offense may amount to constitutionally ineffective assistance. *See Wiley*, 183 S.W.3d at 330-31. There may be some cases where a trial counsel's failure to request a jury instruction on a lesser-included offense constitutes deficient performance prejudicial to the defendant, even though the defendant has been convicted of a greater offense. However, we conclude that no reasonable juror could have believed that Defendant did not intend to sell illegal drugs under the facts and circumstances of this case. Accordingly, Defendant has failed to prove by clear and convincing evidence that trial counsel's performance was both deficient and prejudicial to Defendant.

## Conclusion

We hold that trial counsel's failure to request a jury instruction on the lesser-included offense of facilitation was not deficient performance. Defendant is not entitled to post-conviction relief. We affirm the decision of the Court of Criminal Appeals, as modified. It appearing from the record that Defendant is indigent, we assess the costs on appeal to the State of Tennessee.

_____
SHARON G. LEE, CHIEF JUSTICE

- 14 -