IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 24, 2020

## ZIBERIA MARICO CARERO v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County
No. 109192   Steven Wayne Sword, Judge**

_____

**No. E2019-01123-CCA-R3-PC**

_____

A jury convicted the Petitioner, Ziberia[1] Marico Carero, of possession of 0.5 grams or more of cocaine in a school zone with intent to sell, possession of 0.5 grams or more of cocaine in a school zone with intent to deliver, sale of 0.5 grams or more of cocaine, and delivery of over 0.5 grams or more of cocaine, and on appeal, his convictions were merged into a single conviction for possession of 0.5 grams or more cocaine in a school zone with intent to sell.  This court affirmed the convictions and sentence of twenty-three years in confinement.  The Petitioner filed a timely post-conviction petition asserting that he received ineffective assistance of counsel because trial counsel failed to:  (1) move for a mistrial based upon the State's presentation of "surprise" witnesses; (2) object to hearsay testimony; (3) object to a multiplicitous indictment; (4) adequately investigate; and (5) request a facilitation instruction.  Under a heading of "cumulative error," the Petitioner also asserts that trial counsel failed to:  (6) secure sequestration of the witnesses; (7) present witness testimony; and (8) protect the Petitioner's right to testify.  The Petitioner also raises various trial errors and contends he is entitled to relief pursuant to cumulative error.  After a thorough review of the record, we conclude that the Petitioner's claims fail to establish ineffective assistance of counsel or have been previously determined or waived, and we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

---

[1] The petition for post-conviction relief and the Petitioner's appellate brief both alternate spelling his first name "Zaberia" and "Ziberia."  We use the spelling found on the indictment and judgments of conviction.

Ziberia Marico Carero (on appeal), Clifton, Tennessee, pro se, and Gerald Gulley (at hearing), Knoxville, Tennessee, for the appellant, Ziberia Marico Carero.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

### Trial

The Petitioner's convictions were the result of a drug purchase arranged through a confidential informant who participated in numerous controlled purchases over a four year period. *State v. Ziberia Marico Carero*, No. E2015-00140-CCA-R3-CD, 2015 WL 9412836, at *1 (Tenn. Crim. App. Dec. 22, 2015). Officer Michael Geddings was present in the vehicle with the confidential informant when she purchased cocaine from the Petitioner, and Officer Geddings recorded the transaction. The Petitioner was charged with possession of 0.5 grams or more of cocaine in a school zone with intent to sell, possession of 0.5 grams or more of cocaine in a school zone with intent to deliver, sale of 0.5 grams or more of cocaine in a school zone, and delivery of 0.5 grams or more of cocaine in a school zone, but the State amended the presentment to remove the allegations that the last two counts occurred in a school zone.

At trial, the defense objected that the confidential informant had not been listed as a witness on the presentment and that her testimony should be excluded. The State responded that the confidential informant's identity had been revealed to the Petitioner's first attorney and that trial counsel, whose investigator had interviewed the confidential informant, also knew the confidential informant's identity. The prosecutor argued that there was no surprise to the defense, as the confidential informant's voice appeared on the recordings documenting the offense. Defense counsel noted that while he had located the witness, he had not done so based on any information provided by the prosecution. The trial court concluded that Tennessee Code Annotated section 40-17-106 did not require exclusion of the witness unless the defense could show prejudice, and the court found no prejudice and thus permitted the witness to testify.

The confidential informant testified that she was acquainted with the Petitioner and had "been around" him twenty or thirty times. She acknowledged that she was addicted to drugs, although she stated she was "not using right now" and would not return

- 2 -

a positive drug test if tested that day. She testified that prior to making the purchase on September 10, 2012, she made a recorded telephone call to the Petitioner in which she told him she wanted to purchase $100 of crack cocaine. She was searched before she met with the Petitioner to make sure she had no money or drugs. The Petitioner called her back to change the location of the sale, but this call was unexpected and was not recorded. The confidential informant stated that the Petitioner told her to go to "Teresa's apartment." She drove to that location with Officer Geddings in the passenger's seat. She backed into a parking spot and called the Petitioner. While she was on the telephone with the Petitioner, he walked up "from the right side," and she could hear him on the telephone and through the car. She did not know whether or not he came from an apartment. The Petitioner got into the back seat of the vehicle and gave Officer Geddings a bag of cocaine. After the confidential informant complained that bag did not contain enough cocaine, the Petitioner added a small amount to the bag and accepted $100 from the confidential informant. The Petitioner stepped out of the car, and someone said, "Man, he's the police." The Petitioner called the confidential informant to ask her to return to the parking lot so he could see Officer Geddings, but the confidential informant was able to satisfy him by sending a photograph of a parole identification card with Officer Geddings's picture on it. The recording of the initial telephone call and the audio recording made during the transaction were introduced into evidence.

Officer Geddings testified that after the confidential informant named the Petitioner as a potential source of drugs, he created a photographic lineup from which the confidential informant identified the Petitioner. The confidential informant then placed the recorded telephone call. Officer Geddings left the room to ready the money to be used in the transaction and to set up a transmitter which would relay real-time audio to nearby officers. When Officer Geddings returned, the confidential informant notified him that the Petitioner had called back. Trial counsel objected to testimony regarding the substance of the call, and the trial court sustained the objection; however, Officer Geddings testified in response to a subsequent question that the Petitioner had changed the location of the transaction. He reiterated this testimony during cross-examination, but he acknowledged that he did not have personal knowledge of what was said during the unrecorded telephone call. Officer Geddings and the confidential informant drove to the rendezvous location, and Officer Geddings directed the confidential informant to park where law enforcement would be able to observe them. Officer Geddings stated they were parked near the edge of a building and that he looked over his shoulder and saw the Petitioner walking parallel to the front of the building. Using a map, Officer Geddings indicated the Petitioner's location at the time that Officer Geddings first saw him. Although Officer Geddings had expected the transaction to occur outside the vehicle between the confidential informant and the Petitioner, the Petitioner entered the vehicle. Officer Geddings quickly hid a recording device and notebook, and the confidential informant identified Officer Geddings as her brother-in-law.

The Petitioner passed a plastic bag to the confidential informant, who handed it to Officer Geddings. The two complained that the quantity was insufficient, and the Petitioner added two rocks and returned the bag to Officer Geddings. The confidential informant gave the Petitioner $100. At the time of his arrest three weeks later, the Petitioner was in possession of the telephone that was used to communicate with the confidential informant regarding the drug transaction. Officer Geddings agreed that there was "an incident" in which the Petitioner's home was searched without a warrant, but he stated he had no involvement in that and that he was only familiar with the Petitioner through the confidential informant.

Special Agent Carl Smith of the Tennessee Bureau of Investigation ("TBI") testified regarding the laboratory analysis of the substance in the bag. Trial counsel at first objected that Special Agent Smith had not been previously disclosed as a witness, but when the prosecutor explained that Special Agent Smith was the laboratory analyst who was named in the report, trial counsel withdrew the objection. The laboratory report introduced into evidence was signed by Special Agent Smith, who testified that the substance in the bag was 0.73 grams of a substance containing cocaine base. He stated that 0.73 grams was the weight of the substance minus any packaging and that the weight might not be the same as the field-tested weight due to packaging and possibly due to evaporation.

Ms. Donna Roach of the Knox County Geographic Information Systems testified as an expert in geographic information systems. She created a map showing a one-thousand-foot buffer around a nearby elementary school, and the map was accurate to within ten inches per thousand feet. She testified that someone approaching from the side of a particular building on the map would "[d]efinitely" be in the school zone. Mr. Dan Stewart testified that the elementary school was operating as a school on the date in question.

In denying a motion for judgment of acquittal, the trial court summarized that both the confidential informant and Officer Geddings indicated by means of the map that when they first saw the Petitioner, he was within the school zone, although the vehicle was parked outside the school zone. The defense did not present proof, and the jury convicted the Petitioner of possession of 0.5 grams or more of cocaine in a school zone with intent to sell, possession of 0.5 grams or more of cocaine in a school zone with intent to deliver, sale of 0.5 grams or more of cocaine, and delivery of 0.5 grams or more of cocaine. The jury then considered and rejected the gang enhancement after the Petitioner testified that he was not a member of the Eastside Bloods as charged, but of the Vice Lords. The trial court merged the conviction for possession of cocaine in a school zone with intent to deliver into the conviction for possession of cocaine in a school zone

with intent to sell, and it merged the conviction for delivery of cocaine into the conviction for sale of cocaine. The Petitioner received a sentence of twenty-three years for possession of 0.5 grams or more of cocaine in a school zone with intent to sell and a sentence of eighteen years for sale of 0.5 grams or more of cocaine, to be served concurrently.

On direct appeal, the Petitioner challenged the sufficiency of the evidence, sentencing, and the failure to merge all four offenses. *Ziberia Marico Carero*, 2015 WL 9412836, at *1. This court merged the offenses into one conviction for possession of 0.5 grams or more of cocaine with intent to sell within a school zone but upheld the sufficiency of the evidence and the sentence. *Id.*

### Post-Conviction Proceedings

The Petitioner filed a timely post-conviction petition and was appointed counsel. We summarize the evidence at the post-conviction hearing as it is relevant to the issues raised on appeal.

The Petitioner stated that the confidential informant was not on the indictment listing the State's witnesses. He recalled that the trial court held a hearing on the issue of whether the State had given adequate notice regarding the witness and that the trial court ultimately ruled that the confidential informant could testify. He stated that trial counsel had assured him she would not be able to testify if the State had not given notice and that his feeling that he had been misled caused him to disrupt the proceedings and temporarily be shackled. He acknowledged that he recognized the confidential informant's voice on the recording of his telephone call with her. He stated that he and the confidential informant had been friends for years and that the theory of the defense was that this was a casual exchange in which he shared drugs with her.

The Petitioner testified that Special Agent Smith was also not listed as a witness. Trial counsel objected to the testimony of Special Agent Smith based on lack of notice but did not cross-examine him to show that the weight of the cocaine was inaccurate because the weight included the weight of the bag holding it.

According to the Petitioner, trial counsel did not object to inadmissible testimony from Officer Geddings. The Petitioner maintained that Officer Geddings was designated as an expert and that his opinions usurped the function of the jury when he testified to a legal conclusion regarding who had set up the transaction. Trial counsel did object to the expert designation. Officer Geddings also testified regarding the substance of a conversation between the Petitioner and the confidential informant.

The Petitioner stated that he did not actually walk through the school zone in possession of the cocaine but that he instead obtained it later "from over there from a friend of mine." Although he informed trial counsel of this fact, trial counsel did not investigate. Trial counsel also did not investigate whether the Petitioner was the person who had answered his telephone when the confidential informant called to set up the transaction. The Petitioner's fiancée might have testified that others habitually answered his telephone, but trial counsel did not call her as a witness because she told trial counsel the recording sounded like the Petitioner. Trial counsel did not request "finger and voice printing" of the evidence. The Petitioner testified that he had told trial counsel that the confidential informant had a criminal history but that trial counsel contradicted him. The Petitioner introduced a document from the TBI tending to show that the confidential informant had some criminal history. At trial, the confidential informant testified that she would pass a drug screen, and trial counsel did not attempt to ask for the drug testing of the witness. The Petitioner asserted that the confidential informant falsely testified that she did not have criminal history and that the prosecutor committed misconduct by not correcting her testimony.

The Petitioner testified that the indictment was multiplicitous and that trial counsel did not object. He acknowledged that the offenses were merged on appeal. He also objected to trial counsel's failure to ask for a facilitation instruction. The Petitioner had told trial counsel that he obtained the drugs from another person after having passed through the school zone. The Petitioner implied that he might have given the $100 he earned from the drug transaction to this anonymous third party.

The Petitioner stated that trial counsel did not ask the trial court to exclude witnesses from the courtroom and that Officer Geddings, who heard prior witness testimony, was able to improperly bolster and corroborate the confidential informant's testimony. He acknowledged that Officer Geddings was the State's representative and that the confidential informant was the first witness to testify.

According to the Petitioner, trial counsel informed him that the prosecutor would "chew [him] up on the stand" based on his prior statutory rape conviction. Although the Petitioner wanted to testify and would have testified absent counsel's advice, trial counsel's statement caused him to decide not to testify. The Petitioner felt he was charged with the drug offenses in retaliation for filing a complaint regarding an illegal search which was conducted at his residence and which terrorized his minor stepdaughter.

Trial counsel testified that he met with the Petitioner numerous times, reviewed the discovery, and visited the scene of the offense with an investigator. The strategy at trial was to show that the transaction was a casual exchange. The Petitioner's identity

was never at issue, and he did not deny being involved. Instead, trial counsel attempted to show that the confidential informant had a prior relationship with the Petitioner. He testified that he believed he checked the confidential informant's criminal record and that he "didn't think she had very much at the time" The testimony at trial showed that the confidential informant gave the Petitioner $100 and that the Petitioner gave the drugs to Officer Geddings. Trial counsel stated that the Petitioner chose not to follow his recommendation regarding testifying and that the Petitioner chose not to testify. The Petitioner testified at the hearing regarding gang enhancement, and the jury did not find the gang enhancement applied.

The post-conviction court denied relief. The court found that trial counsel objected to the testimony of both witnesses who had not been listed in the presentment. Although Special Agent Smith was not cross-examined, he testified that the weight of the drugs excluded the packaging. Trial counsel objected to testimony from Officer Geddings, but the trial court overruled the objection. The post-conviction court found that even if counsel was deficient in not objecting to the Petitioner's multiple convictions, the Petitioner had already received the proper remedy when his convictions were merged on appeal and that he could not show prejudice. The post-conviction court found that the Petitioner had presented no evidence that the confidential informant had prior felony convictions, and it found that the confidential informant was cross-examined regarding her drug addiction. The post-conviction court found that there was nothing in the record to support the Petitioner's assertion that the transaction was arranged by a third person. Because there was nothing to show that a third person was involved, the record would not have supported an instruction on facilitation. Regarding sequestration of witnesses, the post-conviction court found that Officer Geddings was properly present as the State's representative under Tennessee Rule of Evidence 615 and that the confidential informant testified first. The post-conviction court credited trial counsel's testimony that he had advised the Petitioner to testify. The post-conviction court found that any other claims were waived for failure to present evidence and argument or for failure to raise them on direct appeal.

## ANALYSIS

The Petitioner asserts that he is entitled to a new trial based on various errors committed by trial counsel. The Post-Conviction Procedure Act provides for relief when a petitioner's conviction or sentence is void or voidable due to the abridgment of a right guaranteed by the United States Constitution or by the Tennessee Constitution. T.C.A. § 40-30-103. The Petitioner here claims that his sentence is voidable because he received ineffective assistance from his trial counsel. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v. State*, 485 S.W.3d 411, 419 (Tenn. 2016). An appellate court reviews de novo with no presumption of correctness the post-

conviction court's conclusions of law, its determinations of mixed questions of law and fact, and its application of law to factual findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). The post-conviction court's factual findings are conclusive on appeal unless the record preponderates otherwise. *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014). An appellate court does not reweigh or reevaluate the evidence or substitute its own inferences for those of the fact-finder. *Kendrick*, 454 S.W.3d at 457. On appeal, we defer to the post-conviction court's findings regarding witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence. *Id.* The petitioner bears the burden of demonstrating the allegations of fact entitling him to relief by clear and convincing evidence. T.C.A. § 40-30-110(f).

A person accused of a crime is entitled to the assistance of counsel in criminal proceedings under the Sixth Amendment to the United States Constitution and under article I, section 9 of the Tennessee Constitution. These provisions guarantee the reasonably effective assistance of counsel. *Nesbit*, 452 S.W.3d at 786. The deprivation of this right is a cognizable claim under the Post-Conviction Procedure Act. *Moore*, 485 S.W.3d at 418. To prevail on a claim, the petitioner must show that trial counsel's representation "'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

In order to demonstrate that he received ineffective assistance of counsel, a petitioner must show both that trial counsel performed deficiently and that the deficient performance prejudiced the defense. *Nesbit*, 452 S.W.3d at 786 (citing *Strickland*, 466 U.S. at 687). Failure to prove either deficiency or prejudice precludes relief, and the court need not address both components if the petitioner has failed to make a showing on either. *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011).

To show deficient performance, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness' guided by 'professional norms' prevailing at the time of trial." *Felts*, 354 S.W.3d at 276 (quoting *Strickland*, 466 U.S. at 688). In other words, the petitioner must demonstrate that counsel's errors were "'so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). Counsel's performance is not measured by "'20-20 hindsight.'" *Id.* at 277 (quoting *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982)). Instead, the court applies a strong presumption that counsel's performance was within the bounds of reasonable professional assistance. *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional

judgments support the limitations on investigation.'" *Kendrick*, 454 S.W.3d at 458 (quoting *Strickland*, 466 U.S. at 690-91).

To show prejudice, a petitioner must establish that there is "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Felts*, 354 S.W.3d at 277 (quoting *Strickland*, 466 U.S. at 694). The question at its core is "'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.'" *Kendrick*, 454 S.W.3d at 458 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).

### I. Undisclosed Witnesses

The Petitioner asserts that trial counsel performed deficiently when he failed to move for a mistrial after the trial court denied trial counsel's motion for a continuance based on undisclosed witnesses. The Petitioner argues that trial counsel's deficiency led to the denial of his right to effectively cross-examine these witnesses by challenging the confidential informant's testimony that she was not under the influence of drugs at trial and challenging Special Agent Smith's testimony regarding the weight of the cocaine. We conclude that the Petitioner cannot show deficiency or prejudice because trial counsel raised the issue and because the Petitioner has not shown that the testimony of the witnesses was inadmissible.

Trial counsel objected to the testimony of the confidential informant on the basis that she had not been listed on the presentment. Although the confidential informant's name was not listed, the Petitioner was aware of her identity, having been provided in discovery with the recorded conversations that took place between the Petitioner and the confidential informant. Furthermore, trial counsel's investigator had interviewed the confidential informant prior to trial. Although Tennessee Code Annotated section 40-17-106 makes it the duty of the attorney general to list on the indictment or presentment the names of witnesses set to testify, such a duty is "directory only" and does not require exclusion of the witnesses absent "prejudice, bad faith, or undue advantage." *State v. Harris*, 839 S.W.2d 54, 69 (Tenn. 1992), *reh'g denied and opinion modified* (Tenn. Sept. 8, 1992). Trial counsel objected to the testimony, but the trial court ruled that the witness could testify. The Petitioner has not established that further challenges to the trial court's judgment was in any way deficient. Likewise, the Petitioner has failed to show prejudice from trial counsel's acquiescence in the ruling, because he points to no authority that the witness, whose identity he knew and who had been interviewed by the defense, should not have been permitted to testify or that the admission of her testimony resulted in prejudice, was motivated by bad faith, or gave the prosecution undue advantage.

Likewise, trial counsel objected to the testimony of Special Agent Smith. The prosecutor responded that Special Agent Smith was the chemist who completed the laboratory report, that his name was on the report, and that the defense was accordingly aware of his identity and the substance of his anticipated testimony. Trial counsel withdrew his objection. Because there was no allegation that the omission involved "prejudice, bad faith, or undue advantage," trial counsel was not deficient in withdrawing his objection, and neither has the Petitioner established a reasonable probability that the trial court would have excluded the testimony had trial counsel moved for a mistrial. *See Harris*, 839 S.W.2d 54, 69.

Accordingly, we conclude that the Petitioner has not established that counsel provided ineffective assistance regarding the testimony of the witnesses who were not listed on the presentment. The Petitioner claims that the omission of the names of these witnesses denied him his right to confront witnesses because he was not able to cross-examine Special Agent Smith regarding the weight of the drugs or the confidential informant regarding her drug usage. However, the record demonstrates that the defense was aware of the identity of these witnesses and that the testimony at trial explored both Special Agent Smith's procedure for weighing the drugs and the confidential informant's addiction and credibility. The Petitioner is not entitled to relief.

## II. Failure to Object to Hearsay

The Petitioner asserts that trial counsel was ineffective for failing to challenge on hearsay grounds Officer Geddings's testimony that the Petitioner was the one who changed the location of the drug transaction. He also asserts that Officer Geddings's testimony consisted of impermissible legal conclusions. We interpret this argument to refer to Officer Geddings's inference that the Petitioner was the one using his telephone to arrange a drug transaction with the confidential informant. We conclude that the Petitioner has not shown a reasonable probability that a challenge to the testimony would have resulted in a different outcome, and he is not entitled to relief.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Hearsay is generally not admissible. Tenn. R. Evid. 802. During Officer Geddings's testimony, trial counsel did raise a hearsay objection to testimony regarding the substance of the unmonitored and unrecorded telephone call between the confidential informant and the Petitioner, and the trial court sustained the objection. Officer Geddings later testified without renewed objection that the Petitioner had changed the location of the transaction, and trial counsel explored this on cross-examination, during which Officer Geddings acknowledged that he did not hear the substance of the call but stated that the change in location did not originate with him or

the confidential informant. We read the Petitioner's brief to argue in addition that trial counsel should have objected to Officer Geddings's testimony on the basis that Officer Geddings was making an impermissible inference and giving opinion testimony regarding who was speaking with the confidential informant on the telephone.

We conclude that the Petitioner cannot show prejudice regarding these claims. The confidential informant testified that the Petitioner was the one who called her, and Officer Geddings acknowledged on cross-examination that he did not witness the call. Even if Officer Geddings's testimony amounted to hearsay regarding the conversation between the Petitioner and the confidential informant, trial counsel was able to explore during cross-examination the fact that Officer Geddings did not personally hear the conversation. The confidential informant had already testified that the Petitioner called her and changed the location. The Petitioner was in possession of a telephone when he was arrested three weeks later, and the number which was used to arrange the drug transaction was the number of the telephone in the Petitioner's possession. The initial telephone call and the drug transaction were audio recorded. Furthermore, the setting of the location of the sale was not an element of the crime. Even if the Petitioner could establish he was not the person who chose the meeting place, the evidence at trial showed that he walked through a school zone before selling crack cocaine to the confidential informant in her vehicle, all under the watchful eye of Officer Geddings. Accordingly, there is no reasonable probability that the outcome of the proceeding would have been different had trial counsel objected to the testimony of Officer Geddings that the Petitioner called and chose the meeting place.

### III. Double Jeopardy

The Petitioner next argues that trial counsel was deficient in not objecting to the indictment on the basis that it was multiplicitous. The Petitioner was convicted of possession of 0.5 grams or more of cocaine in a school zone with intent to sell; possession of 0.5 grams or more of cocaine in a school zone with intent to deliver; sale of 0.5 grams or more of cocaine; and delivery of 0.5 grams or more of cocaine. The trial court merged the school zone convictions and the convictions for sale and delivery of cocaine but did not merge all four convictions. On appeal, this court determined that the multiple convictions violated the principles of double jeopardy and merged all four offenses into one offense for possession of cocaine with intent to sell within a school zone. *Ziberia Marico Carero*, 2015 WL 9412836, at *7.

The Petitioner cannot demonstrate prejudice regarding this ground for relief. Even if trial counsel performed deficiently in not requesting merger, any error was corrected on appeal. "A new trial is not the remedy for a double jeopardy violation; instead, a reversal of the conviction and a dismissal of the relevant charge or a merger of the counts that

violate double jeopardy principles are the proper remedies." *Id.* at \*8. Because the Petitioner has already received the proper remedy, he cannot demonstrate prejudice. *Tarrance Parham v. State*, No. W2013-01437-CCA-R3-PC, 2014 WL 7179330, at \*10 (Tenn. Crim. App. Dec. 17, 2014) (concluding that when the petitioner's convictions had been merged on appeal, he was not entitled to post-conviction relief on the basis that counsel was deficient in not arguing that the convictions violated double jeopardy). The Petitioner has already received relief on this claim.

## IV.  Failure to Investigate

The Petitioner next argues that trial counsel was deficient in failing to investigate whether the Petitioner was the person with whom the confidential informant arranged the drug transaction. We conclude that the Petitioner has not established he received ineffective assistance of counsel.

At the post-conviction hearing, trial counsel testified that the Petitioner's identity was never in question; instead, trial strategy focused on establishing that the Petitioner knew the confidential informant, that the transaction was a casual exchange, and that it did not occur in a school zone. The Petitioner testified that trial counsel did not adequately investigate whether he was the person who answered his telephone in order to arrange the drug transaction, in particular noting that his fiancée could have testified that others habitually answered his telephone. However, the Petitioner also stated that his fiancée told trial counsel that the person in the recorded call sounded like the Petitioner. We conclude that the Petitioner has not established either deficiency or prejudice. According to the Petitioner, trial counsel investigated his claim that another person was involved in the telephone call, and trial counsel's investigation confirmed that it was the Petitioner who called. Both Officer Geddings and the confidential informant identified the Petitioner as the person who brought crack cocaine to the meeting spot and exchanged it for cash. Choosing not to challenge the Petitioner's identity was a sound strategic choice entitled to deference. *Kendrick*, 454 S.W.3d at 458.

Furthermore, insofar as the Petitioner challenges trial counsel's failure to investigate the confidential informant's criminal history, the post-conviction court found that there was no evidence at the post-conviction hearing that the confidential informant had prior felony convictions. Moreover, the confidential informant was thoroughly cross-examined regarding her drug addiction, and the confidential informant's credibility was not crucial to the case, as Officer Geddings was present during the drug transaction and recorded it. Accordingly, the Petitioner has not established a reasonable probability that the outcome of the proceeding would have been different had trial counsel further investigated the confidential informant or had trial counsel succeeded in further impeaching her.

## V. Facilitation Instruction

The Petitioner alleges that trial counsel performed deficiently in failing to request an instruction on the lesser included offense of facilitation. He argues that the drug transaction was conducted by the confidential informant or by an unidentified third person. We conclude that the evidence did not support an instruction for facilitation and that the Petitioner accordingly did not receive ineffective assistance of counsel.

While a trial court must, on request, instruct the jury regarding lesser included offenses of the charged offense, "the trial judge shall not instruct the jury as to any lesser included offense unless the judge determines that the record contains any evidence which reasonable minds could accept as to the lesser included offense." T.C.A. § 40-18-110(a); *see State v. Flemming*, 19 S.W.3d 195, 199 (Tenn. 2000). Facilitation requires the State to prove that the accused, "knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), … knowingly furnishes substantial assistance in the commission of the felony." T.C.A. § 39-11-403(a). Criminal responsibility is satisfied by showing that the accused solicited, aided or attempted to aid another to commit the offense, with the "intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense." T.C.A. § 39-11-402(2).

While the Petitioner testified at the post-conviction hearing that he had obtained the cocaine from a third party and implied that he may have given the third party the $100, there was no evidence at trial regarding the existence or role of this third party. Instead, the evidence at trial established that the Petitioner, and not the confidential informant or a third party, sold the drugs. Both Officer Geddings and the confidential informant observed the Petitioner walk through a school zone, get into the vehicle, and exchange cocaine for cash. We conclude that the post-conviction court correctly determined that the proof did not support an instruction on facilitation, and accordingly the Petitioner can show neither deficiency nor prejudice. *See Bryant v. State*, 460 S.W.3d 513, 525 (Tenn. 2015) (concluding that there was no deficiency in failing to request a facilitation instruction when the defendant sold drugs to a confidential informant because "[t]he evidence supports the post-conviction court's finding that Defendant did not merely furnish substantial assistance in the drug sale, but instead, was the seller of the drugs"), *overruled on other grounds by Moore v. State*, 485 S.W.3d 411 (Tenn. 2016); *State v. Dellinger*, 79 S.W.3d 458, 497 (Tenn. 2002) (appendix) ("There is simply no evidence in the record from which a rational jury could conclude that [the defendant] provided substantial assistance to [the co-defendant] without having the intent to promote or assist the commission of the offense."). The Petitioner is not entitled to relief.

## VI. Sequestration of Witnesses

The Petitioner contends that trial counsel failed to request the sequestration of witnesses, that Officer Geddings was present in the courtroom during the confidential informant's testimony, and that Officer Geddings's testimony was accordingly tainted. However, the record reveals that trial counsel did request the exclusion of witnesses from the courtroom under Tennessee Rule of Evidence 615. The post-conviction court found that Officer Geddings remained in the courtroom as the State's representative, "a person designated by counsel for a party that is not a natural person," as permitted under Tennessee Rule of Evidence 615. *See* Tenn. R. Evid. 615, Advisory Comm'n Cmt to 1997 Amend. (noting that the State may designate "a crime victim, a relative of the crime victim, or an investigating officer" as a witness who is excluded from the rule of sequestration). Accordingly, the Petitioner has not demonstrated deficiency or prejudice.

## VII. Failure to Call Witnesses

The Petitioner contends that trial counsel was also deficient because trial counsel did not subpoena the surveilling officers to testify to the Petitioner's location in relation to the school zone. Insofar as the Petitioner raises the failure to call witnesses or investigate, the Petitioner's claim fails because he has not presented these witnesses or other proof at the post-conviction hearing in order to establish prejudice. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

## VIII. Right to Testify

The Petitioner asserts that trial counsel did not "safeguard" the Petitioner's right to testify in his defense. Because the Petitioner does not offer argument or citation to authority or the record regarding this claim, it is waived. Tenn. Ct. Crim. App. R. 10(b). In any event, the post-conviction court credited trial counsel's testimony that he advised the Petitioner to testify, and this credibility determination is binding on the appellate court. *Nesbit*, 452 S.W.3d at 786.

## IX. Trial Errors

The Petitioner's brief alludes to other alleged grounds for relief, including that the evidence was insufficient to support the conviction, that the State committed prosecutorial misconduct, that the trial court erred in admitting "evidence that [the confidential informant] was a drug addict and could pass a drug test," and that the trial court erred in instructions allowing the jury to infer an intent to sell from the weight of the drugs. The sufficiency of the evidence has been previously determined on direct appeal, and the errors allegedly committed by the trial court are waived for failure to raise

them on direct appeal. *See* T.C.A. § 40-30-106(f), (g) (allowing for the dismissal of a claim that has been previously determined or waived by failing to present it in any proceeding before a court of competent jurisdiction in which it could have been raised, excepting circumstances not applicable here).

## X. Cumulative Error

The Petitioner requests relief pursuant to the doctrine of cumulative error, which allows relief when multiple errors "each of which in isolation constitutes mere harmless error," have the aggregate effect of denying the right to a fair trial. *State v. Hester*, 324 S.W.3d 1, 76 (Tenn. 2010). We conclude that the only error the Petitioner has shown, the failure to merge the offenses, was corrected on direct appeal, and accordingly, the Petitioner is not entitled to relief under the theory of cumulative error. *See William G. Allen v. State*, No. M2009-02151-CCA-R3-PC, 2011 WL 1601587, at *14 (Tenn. Crim. App. Apr. 26, 2011) (concluding the petitioner was not entitled to post-conviction relief for cumulative error when the trial court gave one erroneous instruction which amounted to harmless error).

Any other claims are waived for failure to provide supporting argument, citations to authority, or citations to the record. Tenn. Ct. Crim. App. R. 10(b).

## CONCLUSION

Based on the foregoing, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 15 -