IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2020

**ANTONIO HOWARD v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
No. 12-02872        James M. Lammey, Jr., Judge

———————————————————

**No. W2018-00786-SC-R11-PC**

———————————————————

In this post-conviction appeal, we clarify the appropriate standard to be applied when a criminal defendant claims ineffective assistance of counsel based on trial counsel's failure to file a timely motion for new trial. The petitioner, Antonio Howard, was convicted of several offenses, including aggravated rape, especially aggravated robbery, aggravated robbery, and aggravated assault. Following the conviction and sentencing, the petitioner's trial counsel admittedly failed to file a timely motion for new trial. Consequently, the petitioner was found to have waived several issues on direct appeal. The petitioner filed a petition seeking post-conviction relief claiming, among other things, that counsel was ineffective for failing to file a timely motion for new trial. However, the post-conviction court denied his request, concluding that trial counsel was deficient but that the petitioner was not prejudiced by trial counsel's deficiency. The Court of Criminal Appeals agreed with the post-conviction court that counsel was deficient for failing to file a timely motion for new trial but, relying on *Wallace v. State*, 121 S.W.3d 652, 658 (Tenn. 2003), held that the petitioner was presumptively prejudiced by the deficiency. The intermediate appellate court, therefore, concluded that the petitioner was entitled to post-conviction relief in the form of a delayed appeal. We granted the State's application for permission to appeal to address whether the Court of Criminal Appeals correctly determined that the petitioner was presumptively prejudiced under these circumstances. We conclude that trial counsel's failure to file a timely motion for new trial does not require a presumption of prejudice, overruling this Court's previous decision in *Wallace*. We have determined, therefore, that the post-conviction court properly considered whether the petitioner was prejudiced by his trial counsel's deficiency, and we find no error in the post-conviction court's conclusion that he was not. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the post-conviction court denying post-conviction relief.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Court of Criminal Appeals Reversed; Judgment of the Trial Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Caitlin Smith, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd and Jamie Kidd, Assistant District Attorneys General, for the appellant, State of Tennessee.

Patrick E. Stegall, Memphis, Tennessee (at post-conviction hearing); and William D. Massey, Memphis, Tennessee (on appeal), for the appellee, Antonio Howard.

**OPINION**

**I. BACKGROUND**

In 2014, a jury convicted the petitioner of six counts of aggravated rape, one count of especially aggravated robbery, two counts of aggravated robbery, and three counts of aggravated assault, for which the Criminal Court for Shelby County imposed an effective 124-year sentence. *State v. Antonio Howard*, No. W2014-02488-CCA-R3-CD, 2016 WL 3131515, at *1 (Tenn. Crim. App. May 26, 2016).[1] Following the jury trial, trial counsel for the petitioner failed to file a timely motion for new trial. *See* Tenn. R. Crim. P. 33(b) ("A motion for a new trial shall be in writing . . . within thirty days of the date the order of sentence is entered.").

Nonetheless, the petitioner appealed, arguing that the evidence was insufficient to support his convictions and challenging the sentence imposed. *See State v. Jones*, No. M2017-01666-CCA-R3-CD, 2020 WL 2079270, at *3 (Tenn. Crim. App. Apr. 30, 2020) ("Generally, failure to raise an issue, other than sufficiency of the evidence or sentencing, in a motion for a new trial constitutes waiver of that issue for purposes of appellate review."). In his direct appeal, the petitioner also raised the following issues concerning the admission of witness testimony: (1) whether the trial court erred in allowing a co-

---

[1] For a full recitation of the facts supporting the defendant's convictions, see the above-cited Court of Criminal Appeals' opinion on direct appeal.

defendant to testify in street clothing; (2) whether the trial court improperly allowed a victim to testify to "prejudicial" and "grossly irrelevant information"; and (3) whether the trial court erred in not allowing the petitioner to cross-examine a State's witness, an investigator, concerning the substance of her report. In its opinion on direct appeal, the Court of Criminal Appeals addressed only the sufficiency of the evidence and the sentencing issues and determined that plenary review of the remaining alleged errors was waived due to the untimely motion for new trial. *Howard*, 2016 WL 3131515, at *12; *see* Tenn. R. App. P. 3(e) ("[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.").

The petitioner filed a petition for post-conviction relief claiming, *inter alia*, that trial counsel was ineffective for failing to timely file a motion for new trial within the required 30 days. The motion claimed that trial counsel's failure prevented the petitioner "from pursuing meritorious issues on appeal, thereby failing to subject the states [sic] case to adversarial scrutiny on appeal."[2]

Indeed, at the hearing on the post-conviction petition, trial counsel testified that he failed to timely file the motion for new trial in the petitioner's case due to a mistake in keeping his own calendar. Counsel explained that, on the day he marked in his calendar to file the motion, "I showed up that day with my motion for a new trial in hand." He learned, however, that the deadline had passed and admitted that his failure resulted in the waiver of several issues on direct appeal. Those additional issues, he acknowledged, were therefore only subject to review for plain error by the appellate court. Even so, on cross-examination, trial counsel testified that, in his opinion, "at the end of the day – the proof in the matter was so overwhelming that [review under the lower standard] wouldn't have made a difference." The petitioner's post-conviction counsel argued that the petitioner "was denied three possible grounds" out of the five issues he raised on appeal and that the petitioner was therefore prejudiced by trial counsel's deficiency. The State, however, posited that the additional issues concerning the admission of witness testimony would not have entitled the petitioner to relief even if they had been properly raised in a motion for new trial.

---

[2] The record indicates that petitioner filed his initial petition pro se. Therein, he raised several additional issues that are not relevant to this appeal, and he requested relief in the form of a new trial. Although he was later appointed counsel, petitioner opted to file a pro se amended petition, which again raised additional issues that are not relevant to our discussion here.

The post-conviction court denied relief. It concluded that trial counsel was deficient for failing to file a timely motion for new trial; however, it also concluded that the petitioner was not prejudiced by the deficiency. Specifically, the trial court noted the weight of the proof against the petitioner at trial, explaining that trial counsel "was placed in a position where he had no defense. I mean, [the lack of] DNA [evidence] was the only thing he had. . . . [T]hree female[] [victims] pointed the finger at [the petitioner] and the traumatic experience they were put through. And then he had codefendants testifying against him. The chances of being acquitted here were slim and nil." The post-conviction court also relied on the fact that the petitioner received a direct appeal of his conviction despite the waiver of certain issues.

The Court of Criminal Appeals agreed with the post-conviction court's assessment that the petitioner's trial counsel was deficient for failing to timely file a motion for new trial. *Howard v. State*, No. W2018-00786-CCA-R3-PC, 2019 WL 328419, at *3 (Tenn. Crim. App. Jan. 24, 2019), *perm. app. granted* (Tenn. June 24, 2019). However, the intermediate appellate court disagreed with the conclusion that the petitioner was not prejudiced by the deficiency. *Id.* Citing this Court's opinion in *Wallace v. State*, 121 S.W.3d 652, 656-58 (Tenn. 2003), the Court of Criminal Appeals determined that, because it was apparent from the record that the petitioner intended to file a motion for new trial, the petitioner was presumptively prejudiced by trial counsel's deficient performance. *Howard*, 2019 WL 328419, at *3-4. Accordingly, the intermediate court reversed the post-conviction court's judgment denying relief and remanded for the entry of an order granting the petitioner a delayed appeal and allowing him to file a new motion for new trial. *Id.* at *4.

We granted the State's ensuing application for permission to appeal to address whether the Court of Criminal Appeals correctly determined that the petitioner was presumptively prejudiced under these circumstances.

## II. ANALYSIS

Tennessee's Post-Conviction Procedure Act is codified at Tennessee Code Annotated sections 40-30-101 to -122 and notably provides as follows: "Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). "The deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016) (citing *Mobley v. State*, 397 S.W.3d 70, 79-80 (Tenn. 2013)). Pursuant to the Act, a defendant seeking post-

conviction relief "shall have the burden of proving the allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f).

"Claims for post-conviction relief based on alleged ineffective assistance of counsel present mixed questions of law and fact." *Mobley*, 397 S.W.3d at 80 (citing *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011)). The post-conviction court's factual findings are conclusive on appeal unless evidence in the record preponderates against them. Tenn. R. App. P. 13(d); *Calvert*, 342 S.W.3d at 485 (citing *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999)). However, "[w]hen reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness." *Grindstaff*, 297 S.W.3d at 216 (citing *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009); *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001)).

Concerning the standard employed in considering claims of ineffective assistance of counsel, this Court has previously explained:

Both the United States and Tennessee Constitutions provide for the assistance of counsel to criminal defendants. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. These constitutional provisions guarantee not only the assistance of counsel, but also the *reasonably effective* assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Baxter v. Rose,* 523 S.W.2d 930, 934-36 (Tenn.1975). Counsel's representation is constitutionally ineffective when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052; *Goad v. State,* 938 S.W.2d 363, 370 (Tenn.1996). A court need not address both requirements if the defendant's proof fails to support either prong. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Goad,* 938 S.W.2d at 370.

*Bryant v. State*, 460 S.W.3d 513, 521-22 (Tenn. 2015), *overruled on other grounds by Moore*, 485 S.W.3d at 421.

This two-prong test, which we refer to as the "*Strickland* analysis," was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. at 687. In the case before us, the question of whether trial counsel's performance was deficient is not at issue. Rather, at issue here is the second prong—whether the petitioner was prejudiced by the deficiency. The prejudice prong requires the petitioner to "establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006), *abrogated on other grounds by Brown v. Jordan*, 563 S.W.3d 196 (Tenn. 2018) (citing *Strickland*, 466 U.S. at 694). Indeed, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Though uncommon, in certain instances, a different standard is employed. In *United States v. Cronic*, an opinion released on the same day as the *Strickland* opinion, the Supreme Court described three situations in which prejudice should be presumed because these circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Those circumstances include: (1) "the complete denial of counsel"; (2) when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) when circumstances are such that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659-60. In these instances, the process is presumptively unreliable and proof of actual prejudice is not required. *Cronic*, therefore, carved out a limited exception[3] to the general test set forth in its companion case of *Strickland*.

Several years later, in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court again revisited the question of when prejudice should be presumed in an ineffective assistance of counsel case. The petitioner, after pleading guilty to second-degree murder,

---

[3] In the *Cronic* case, the defendant faced mail fraud charges related to a "check kiting" scheme. *Cronic*, 466 U.S. at 649-50. The defendant's attorney withdrew shortly before trial, and a young lawyer with only real estate experience was appointed. *Id.* at 649. The new attorney was given only 25 days to prepare for the trial involving complex criminal charges that the government had spent over four years investigating. *Id.* The defendant was convicted and received a 25-year sentence. *Id.* at 650. Given these facts, the United States Court of Appeals for the Tenth Circuit reversed the defendant's conviction without inquiry into the actual performance of trial counsel or a showing of the effect counsel's performance had on the trial. *Id.* The Supreme Court, however, found that, even under these facts, the Tenth Circuit had erred, and it remanded for consideration under the *Strickland* analysis. *Id.* at 666-67, and n.41.

sought federal habeas corpus relief because his trial counsel had failed to file a notice of appeal after she allegedly promised to do so. *Id.* at 473. The Court noted that "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself. According to [the petitioner], counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether." *Id.* at 483. It held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. As the Court explained, the loss of the "entire [appellate] proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice. Put simply, we cannot accord any 'presumption of reliability' to judicial proceedings that never took place."[4] *Id.* at 483 (citation omitted) (citing *Smith v. Robbins*, 528 U.S. 259, 286 (2000)); *see also Garza v. Idaho*, 139 S.Ct. 738, 744-46, 203 L.Ed.2d 77 (2019) (extending *Flores-Ortega*'s presumption of prejudice to apply regardless of whether the defendant signed an appeal wavier); *Penson v. Ohio*, 488 U.S. 75, 88 (1988) (distinguishing between the complete denial of counsel on appeal, when prejudice should be presumed, from the ineffective assistance of counsel on appeal, when prejudice should not be presumed). The Court further observed that *Cronic*'s presumption of prejudice where there is a complete denial of counsel during a critical stage of judicial proceedings supported its holding. *Flores-Ortega*, 528 U.S. at 483.

In another particularly relevant United States Supreme Court opinion, *Bell v. Cone*, 535 U.S. 685 (2002), the Court again discussed the *Cronic* standard and when it should apply. In *Cone*, a capital case originating in Tennessee, the defendant was convicted of two counts of first-degree murder, among other crimes. *Id.* at 690. On post-conviction review, the defendant asserted that his counsel was constitutionally ineffective by failing to present mitigating proof and by failing to give a closing argument during the sentencing phase of trial. *Id.* at 692. Concerning the sentencing hearing, the proceeding at issue, the Supreme Court described it as follows:

> During its opening statement, the State said it would prove four aggravating factors: that (1) respondent had previously been convicted of one or more felonies involving the use or threat of violence to a person; (2) he

---

[4] Notably, the Supreme Court rejected a *per se* rule that would presume prejudice anytime trial counsel failed to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 484. Rather, proof is required that the defendant would have appealed. *Id.* ("[T]o show prejudice[,] . . . a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.").

- 7 -

knowingly created a great risk of death to two or more persons other than the victim during the act of murder; (3) the murder was especially heinous, atrocious, or cruel; and (4) the murder was committed for the purpose of avoiding lawful arrest. In his opening statement, defense counsel called the jury's attention to the mitigating evidence already before them. He suggested that respondent was under the influence of extreme mental disturbance or duress, that he was an addict whose drug and other problems stemmed from the stress of his military service, and that he felt remorse. Counsel urged the jury that there was a good reason for preserving his client's life if one looked at "the whole man." He asked for mercy, calling it a blessing that would raise them above the State to the level of God.

The prosecution then called a records custodian and fingerprint examiner to establish that respondent had three armed robbery convictions and two officers who said they tried unsuccessfully to arrest respondent for armed robbery after the jewelry store heist. Through cross-examination of the records custodian, respondent's attorney brought out that his client had been awarded the Bronze Star in Vietnam. . . . The junior prosecuting attorney on the case gave what the state courts described as a "low-key" closing. Defense counsel waived final argument, preventing the lead prosecutor, who by all accounts was an extremely effective advocate, from arguing in rebuttal. The jury found in both murder cases four aggravating factors and no mitigating circumstances substantial enough to outweigh them.

*Id.* at 691-92 (citations and footnote omitted).

Our Court of Criminal Appeals denied post-conviction relief, applying the conventional *Strickland* analysis and requiring proof of actual prejudice. *Id.* at 692. Later, the defendant sought a federal writ of habeas corpus, again asserting ineffective assistance of counsel. *Id.* at 692-93. The United States District Court for the Western District of Tennessee denied the petition; however, the Sixth Circuit issued a writ as to the defendant's sentence. *Id.* at 693. The Sixth Circuit concluded that prejudice should have been presumed under *Cronic*. *Id.* The Supreme Court reversed the Sixth Circuit and held that the state court properly applied the *Strickland* analysis, explaining as follows:

Respondent argues that his claim fits within the second exception identified in *Cronic* because his counsel failed to "mount some case for life" after the prosecution introduced evidence in the sentencing hearing and gave

a closing statement. We disagree. When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We said "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, *supra*, at 659, 104 S.Ct. 2039 (emphasis added). Here, respondent's argument is not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points. For purposes of distinguishing between the rule of *Strickland* and that of *Cronic,* this difference is not of degree but of kind.

The aspects of counsel's performance challenged by respondent—the failure to adduce mitigating evidence and the waiver of closing argument—are plainly of the same ilk as other specific attorney errors we have held subject to *Strickland*'s performance and prejudice components.

*Id.* at 696-98.

Against that backdrop, this Court considered, in *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003), whether the *Strickland* analysis was appropriate where trial counsel failed to file a timely motion for new trial—the precise question at issue in the case before us. In *Wallace*, the defendant was convicted of first-degree murder. *Id.* at 654. The agreement with retained counsel provided only for representation at trial but nothing beyond. *Id*. After conviction, trial counsel sent a letter to the defendant instructing him on how to prepare a motion for new trial, but counsel did not seek to withdraw as counsel of record. *Id.* at 654-55. The defendant filed a timely pro se motion for new trial, but because his attorney had not withdrawn, the trial court refused to consider the motion. *Id.* at 655. Trial counsel then filed an untimely motion for new trial. *Id.* The defendant claimed on post-conviction review that his counsel was constitutionally ineffective by failing to file a timely motion for new trial, which resulted in all issues being waived on appeal except for sufficiency of the evidence. *Id.* The post-conviction court granted the defendant relief in the form of a delayed appeal; however, the Court of Criminal Appeals reversed, concluding that relief was not appropriate because the defendant did receive a direct appeal, albeit only on the one issue.[5] *Id.*

---

[5] It does not appear that the defendant in *Wallace* challenged his sentence on his first direct appeal, though he did later challenge his sentence after his case was remanded for re-sentencing for second degree murder. *Wallace*, 121 S.W.3d at 655.

Nevertheless, this Court reversed, concluding that trial counsel's failure to file a timely motion for new trial was presumptively prejudicial. *Id.* at 658. The *Wallace* Court explained that "[c]ounsel's abandonment of his client at such a critical stage of the proceedings resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." *Id.* (citing *Cronic*, 466 U.S. at 659). It further described counsel's failure as "a complete failure to subject the State's case to appellate scrutiny." *Id.* at 660. While the *Wallace* Court "decline[d] to adopt a *per se* rule regarding a trial counsel's failure to file a motion for new trial," it instead held that "a petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." *Id.* at 659.

The central issue raised in the State's application for permission to appeal in this case is whether this Court's decision in *Wallace* provides the correct framework for assessing prejudice on post-conviction review when trial counsel failed to file a timely motion for new trial.[6] Certainly, the Court of Criminal Appeals correctly applied *Wallace*, controlling precedent in this state, when it reversed the post-conviction court's decision to deny post-conviction relief. The intermediate court concluded, and we do not disagree, that

> [b]ecause an appeal was in fact filed raising additional issues on behalf of the Petitioner, and because trial counsel testified that he arrived in court with a motion for new trial in hand, it is apparent from the record that the Petitioner "intended to file a motion for new trial, and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence."

*Howard*, 2019 WL 328419, at *4 (quoting *Wallace*, 121 S.W.3d at 659). The State, however, urges this Court to reconsider *Wallace*. It contends that in cases where there was a complete denial of an appeal, prejudice should be presumed, but where, as here, a petitioner received meaningful review from a circumscribed direct appeal, the petitioner should be required to demonstrate prejudice under the *Strickland* analysis. Our review leads us to agree with the State's position.

---

[6] The State also argues, citing Tennessee Code Annotated section 40-30-113(a)(3), that a delayed appeal was not appropriate in this case because the petitioner was not unconstitutionally denied an appeal. However, because we agree with the State that the post-conviction court was correct in denying the petition for relief, we need not consider this additional argument.

- 10 -

We must admit our own consternation towards the approach adopted in *Wallace*. The facts presented in *Wallace*, which are very similar to the pertinent facts in the case before us, do not compare to the facts of, for example, *Flores-Ortega*. Trial counsel in *Flores-Ortega* failed to file a notice of appeal resulting in the complete forfeiture of a direct appeal. *Flores-Ortega*, 528 U.S. at 474. There, the United States Supreme Court found a presumption of prejudice to be appropriate. *Id.* at 483. Here, however, as in *Wallace*, the petitioner complains of waiver of certain issues on direct appeal, not the denial of an appeal altogether as in *Flores-Ortega*. We recognize that the *Wallace* Court used *Flores-Ortega* to justify its decision, notably stating that "the key issue is the failure of trial counsel to file the specified pleading resulting in the defendant being deprived of complete appellate review on direct appeal." *Wallace*, 121 S.W.3d at 659. The *Wallace* Court's focus was on the defendant receiving something less than full appellate review of the issues the defendant wished to raise. In our view, however, a less-than-full review of the issues attempted to raise on appeal is not equivalent to the "forfeiture of a proceeding itself" discussed in *Flores-Ortega*. *Flores-Ortega*, 528 U.S. at 483. Neither the defendant in *Wallace*, nor the petitioner in the case before us, was denied a direct appeal.

Nor can we fit this situation—the failure to file a timely motion for new trial—neatly into one of the exceptions outlined in *Cronic*. Particularly, we cannot say that trial counsel's failure equals "the *complete* denial of counsel," *Cronic*, 466 U.S. at 659 (emphasis added), nor that his deficiency "*entirely* fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Id.* (emphasis added). Rather, we are persuaded by the analysis employed by the United States Supreme Court in *Bell v. Cone* concerning the application of a presumption of prejudice. Here, the attorney's failure was far from complete. *See Cone*, 535 U.S. at 696-97 ("When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete."). The failure to file a timely motion for new trial limited the scope of the petitioner's direct appeal, but again, it did not deprive him of his right to a direct appeal.

We also find it persuasive that appellate counsel is not required to raise all issues that a defendant desires to raise on appeal. *See Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004). It follows that the failure to have plenary review of certain issues does not result in a complete failure to subject the State's case to adversarial testing as the defendant is still permitted to seek plain error review on additional issues not properly raised in a motion for new trial.[7] Moreover, we note that, at least in the case before us, the post-

---

[7] On direct appeal, the Court of Criminal Appeals failed to apply the plain error doctrine to the waived issues. We have explained that if an issue is waived, an appellate court on direct appeal may consider

- 11 -

conviction court was perfectly equipped to apply the *Strickland* analysis because the precise claims the petitioner wanted to raise are known. As the intermediate court noted, trial counsel testified that he arrived in court with a motion for new trial in hand and an appeal was indeed filed on the petitioner's behalf raising additional issues. It would not be overly burdensome for the post-conviction court to review those additional claims and to determine whether the petitioner was prejudiced by counsel's failure.

For these reasons, we expressly overrule our holding in *Wallace* that trial counsel's failure to file a timely motion for new trial is presumptively prejudicial so long as the petitioner indicates a desire to appeal. *See Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016) (noting that *stare decisis* "is not an inexorable command" and "does not compel this Court to maintain erroneous, 'unworkable,' or 'badly reasoned' precedent" (quoting *Payne v. Tennessee*, 501 U.S. 808, 827-28 (1991)). Returning to the language of *Cronic*, such a deficiency is not a situation "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. Where a failure by trial counsel of this type occurs, a subsequent claim of ineffective assistance of counsel should be analyzed under the *Strickland* analysis. *See e.g.*, *Butcher v. United States*, 368 F.3d 1290, 1294 (11th Cir. 2004) (analyzing the failure to file a timely motion for new trial under the *Strickland* standard); *United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) (same); *United States v. Young*, No. 09-CR-152-01, 2013 WL 2392902, at *9 (E.D. Pa. May 31, 2013) (same); *Dorsey v. State*, 156 S.W.3d 825, 830-33 (Mo. Ct. App. 2005) (same); *Ken v. State*, 267 P.3d 567, 574-75 (Wyo. 2011) (same); *see also Commonwealth v. Grosella*, 902 A.2d 1290, 1293-94 (Pa. Super. Ct. 2006) ("Where a petitioner was not **entirely** denied his right to a direct appeal and only some of the issues the petitioner wished to pursue were waived, the reinstatement of the petitioner's direct appeal rights is not a proper remedy. In such circumstances, the appellant must proceed under the auspices of the [Post-Conviction Relief Act], and the [Post-Conviction Relief Act] court should apply the traditional . . . test for determining whether appellate counsel was ineffective.") (internal citations omitted).

Given our holding, we conclude that the post-conviction court properly considered both prongs of the *Strickland* analysis, rather than analyzing the petitioner's claim of ineffective assistance of counsel under the *Cronic* standard. The court first determined— and the parties have conceded—that trial counsel's performance was deficient. Next, the

---

application of the plain error doctrine and determine whether a defendant is entitled to relief. *State v. Minor*, 546 S.W.3d 59, 70 (Tenn. 2018). Plain error review is a path defendants are permitted to pursue on appeal, and the failure to properly raise an issue in a motion for new trial does not entirely close the door on a defendant's ability to obtain relief on direct appeal.

post-conviction court appropriately considered whether the petitioner was actually prejudiced by trial counsel's failure to timely file a motion for new trial, and we find no error in the court's conclusion that the petitioner was not prejudiced. We agree with the post-conviction court that the evidence against the petitioner at trial was overwhelming. All three victims and two of his co-defendants testified against the petitioner at trial with remarkable consistency concerning his heinous crimes. On direct appeal, the petitioner attempted to raise additional issues related to witness testimony, including a co-defendant testifying in street clothing rather than jail attire, a victim testifying that she led the other victims in a prayer during the commission of the crime, and the limitation of the petitioner's cross-examination of a detective concerning the substance of her report. A review of the record on direct appeal[8] reveals that these claims did not directly impact the fairness of the trial, and we agree with the post-conviction court that it is clear that full consideration of these issues on direct appeal would not have changed the outcome given the weight of the evidence against the petitioner.

We, therefore, reverse the Court of Criminal Appeals' decision that the petitioner was presumptively prejudiced under these circumstances and its order granting the petitioner a delayed appeal. Accordingly, the judgment of the trial court is reinstated.

### III. CONCLUSION

For the foregoing reasons, we expressly overrule our holding in *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003), that trial counsel's failure to file a timely motion for new trial is presumptively prejudicial when the petitioner indicates a desire to appeal. Accordingly, we conclude that the post-conviction court properly denied the petitioner's request for post-conviction relief. The judgment of the Court of Criminal Appeals is reversed and the judgment of the post-conviction court is affirmed. It appearing that the petitioner Antonio Howard is indigent, the costs of this appeal are taxed to the State of Tennessee.



ROGER A. PAGE, JUSTICE

---

[8] Like the Court of Criminal Appeals, we take judicial notice of the appellate record from petitioner's direct appeal. *See* Tenn. R. App. P. 13(c).